# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALLIANT TAX CREDIT FUND 31-A, LTD., et al. | Civil action file no.: 1:11-CV-0832 |
| Plaintiffs, | |
| vs. | |
| M. VINCENT MURPHY, III, et al., | |
| Defendants. | |

## MOTION TO DISMISS COUNTS SEVEN AND NINE OF COMPLAINT BY DEFENDANT GAZEBO PARK APARTMENTS OF ACWORTH, LLC

**COMES NOW** Defendant Gazebo Park Apartments of Acworth, LLC and files this its Motion to Dismiss Counts Seven and Nine of Plaintiffs' Complaint under FRCP 12(b)(6). A Memorandum in Support is attached hereto and filed on even date.

WHEREFORE Defendant Gazebo Park Apartments of Acworth, LLC prays that Counts Seven and Nine of Plaintiffs' Complaint be dismissed pursuant to FRCP 41(b).

1

Date: April 25, 2011

/s/ Shawn M. Winterich
Attorney Bar No. 771030
Attorney for Defendants
Marilyn Murphy and Gazebo Park
  Apartments of Acworth, LLC
The Winterich Law Firm, LLC
P.O. Box 29713
Atlanta, GA 30359-0713
404 668-7766
swinterich@winterichlaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| ALLIANT TAX CREDIT FUND 31-A, LTD., et al. | ] | Civil action file no.: 1:11-CV-0832 |
|---|---|---|
| Plaintiffs, | ] | |
| vs. | ] | |
| M. VINCENT MURPHY, III, et al., | ] | |
| Defendants. | ] | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS ONE, TWO AND NINE BY DEFENDANT GAZEBO PARK**

**COMES NOW**, Defendant, Gazebo Park Apartments of Acworth, LLC, and Files this its Memorandum in Support of Motion to Dismiss Counts Seven and Nine as Provided in FRCP 12(b)(6). Defendant shows the following:

**Statement of Facts**

Plaintiffs claim that Defendant M. Vincent Murphy III ("Vincent Murphy" or "Vincent") personally guaranteed a series of large commercial loans on which the principal obligors and Vincent defaulted. Plaintiffs in this suit obtained large judgments (in varying amounts as high as $7.2 million) against Vincent in the U.S.

3

District Court for the Eastern District of Kentucky (the "Kentucky judgment.") (Id. at ¶¶ 6-11.)

Plaintiffs filed this lawsuit on March 17, 2011. Plaintiffs claim that Vincent Murphy fraudulently transferred an apartment complex from Park Bridge Acworth, LLC ("Park Bridge") to Defendant Gazebo Park Apartments of Acworth, LLC ("Gazebo") in April 2007. (Complaint ¶¶ 51-57.) Neither Park Bridge nor Defendant Gazebo was a Kentucky judgment debtor. (Complaint Exhibit "D.") Plaintiffs do not claim a security interest or lien in Park Bridge or Gazebo assets. This Motion concerns only Counts Seven and Nine of Plaintiffs' Complaint.

**Argument and Citation of Authority**

**Introduction**

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the U.S. Supreme Court ruled that parallel conduct alone, without evidence of agreement to take part in anti-competitive conduct, does not establish a violation of the Sherman Antitrust Act. A complaint must allege facts with sufficient specificity to state a claim for relief that is plausible, not merely conceivable, on its face.

In *Twombly*, the U.S. Supreme Court interpreted Federal Rule of Civil Procedure 8(a)(2) to require only "a short and plain statement of the claim showing

that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 1964. A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief," though, requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1964-65.

Something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (Internal citations and punctuation omitted.) Id. at 1966.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the U.S. Supreme Court revsited and refined its ruling in *Twombly,* where it found that a high-interest detainee who attributed physical abuse and racial, religious and nationality discrimination to the United States Attorney General and FBI director, failed to state a claim against those officials.

The Supreme Court, citing *Twombly* extensively, ruled that the pleading standard of FRCP 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal* at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Id. at 1949. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. Further, legal conclusions are not entitled to the presumption of truth. It is up to the plaintiff to allege more by way of factual content to "nudg[e]" his claim of purposeful discrimination "across the line from conceivable to plausible." Id. at 1951. (Internal citations and punctuation omitted.)

**Count Seven should be dismissed**
**("Avoidance of Fraudulent Transfer and Related Injunctive Relief...**
**to Avoid the Apartment Complex Transfer")**.

By Count Seven, that is, by Paragraphs 51 through 57 and 148 through 159, the transfer of the apartment complex real estate from Park Bridge to Gazebo was fraudulent, i.e., made with actual intent to hinder, defraud, or delay Plaintiff creditors under the Uniform Fraudulent Transfer Act ("UFTA") at O.C.G.A. § 18-2-70, *et seq.*,

6

specifically O.C.G.A. § 18-2-74(1).

These are conclusory allegations. There is no indication from Plaintiffs' Complaint whether the apartment complex real estate was encumbered by liens exceeding its value, or had any net equity of redemption, or was owned free and clear. For example, transfer of a fully-encumbered piece of land is outside the definition of a fraudulent transfer of an "asset" as it has no net value. See O.C.G.A. § 18-2-71(2)(A) and (12).[1] Plaintiffs make no allegations whether the land transferred had any net value as they needed to do to state their fraudulent transfer claim. This claim "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly* at 1967.

### Count Nine should be dismissed.
### ("Civil Conspiracy Against All Defendants")

Allegations of civil conspiracy, appearing in Paragraphs 161 through 173 of Plaintiffs' Complaint, could not be more vague: they lack specificity as to improper

---

[1] "Asset" means property of a debtor, but the term does not include: "Property to the extent it is encumbered by a valid lien[]." "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset.

7

activity, scope, involved actors, time frame, and other parameters in the Paragraph 161-173 range, and elsewhere throughout the Complaint. These allegations reside solely in the realm of generalities, rhetoric and supposition. The actors, dates of involvement, the specific acts done in conspiracy, as opposed to parallel behavior lacking probative value, are not described.

Specifically, as to Count VII and ¶¶ 51-57 and 148-159, covering transfer of the apartment complex real estate from Park Bridge to Gazebo, there is no showing of anyone's participation other than Vincent Murphy. Obviously a conspiracy requires more than one actor. *Savannah College of Art & Design, Inc. v. School of Visual Arts of Savannah, Inc.*, 219 Ga. App. 296, 464 S.E.2d 895 (1995) This is a "catch-all" cause of action which fails for lack of plausible allegations of specific occurrences required by *Iqbal* and *Twombly*.

There are no allegations supporting a continuing business relationship involving Vincent's retention of control of transferred property or related benefits in the manner of an owner, or any other arrangement that suggests retention of ownership benefits or other incidents of ownership.

Date: April 25, 2011

                                  /s/ Shawn M. Winterich
                                  Attorney Bar No. 771030
                                  Attorney for Defendant
                                      Marilyn Murphy
                                  The Winterich Law Firm, LLC
                                  P.O. Box 29713
                                  Atlanta, GA 30359-0713
                                  404 668-7766
                                  swinterich@winterichlaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ALLIANT TAX CREDIT FUND 31-A, LTD., et al.** | Civil action file no.: 1:11-CV-0832 |
| Plaintiffs, | |
| vs. | |
| **M. VINCENT MURPHY, III, et al.,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This certifies that I have on this day served the following party or parties with a copy of the foregoing **MOTION TO DISMISS COUNTS SEVEN AND NINE OF COMPLAINT BY DEFENDANT GAZEBO PARK APARTMENTS OF ACWORTH, LLC** and accompanying **MEMORANDUM IN SUPPORT** by depositing a copy of same in the U.S. Mail with adequate postage affixed thereto for parties not receiving notice electronically, and serving counsel electronically who have filed electronically:

> David B. Darden, Esq.
> Vincent J. Arpey, Esq.

Stanley E. Kreimer, Jr., Esq.

Mr. Patrick Carroll
3340 Peachtree Road, N.E.
Suite 1620
Atlanta, GA 30326

This shall further certify that this certificate and the documents identified herein were created using Times New Roman 14 pt. font.

Service date: April 14, 2011

/s/  Shawn M. Winterich
Attorney Bar No.  771030
Attorney for Defendants
Marilyn Murphy and Gazebo Park
  Apartments of Acworth, LLC
The Winterich Law Firm, LLC
P.O. Box 29713
Atlanta, GA 30359-0713
404 668-7766
swinterich@winterichlaw.com