**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALLIANT TAX CREDIT FUND | : | |
| 31-A, LTD., ALLIANT TAX | : | |
| CREDIT 31, INC., ALLIANT | : | |
| TAX CREDIT FUND XXVII, | : | |
| LTD., ALLIANT TAX CREDIT | : | CIVIL ACTION NO. |
| XXVII, INC., ALLIANT TAX | : | 1:11-CV-00832-RWS |
| CREDIT XI, INC., and ALLIANT | : | |
| TAX CREDIT XI, LTD., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| M. VINCENT MURPHY, III, | : | |
| MARILYN MURPHY, PATRICK | : | |
| CARROLL, MULTIFAMILY | : | |
| HOUSING DEVELOPERS, LLC, | : | |
| COMMUNITY MANAGEMENT | : | |
| SERVICES, INC., GAZEBO | : | |
| PARK APARTMENTS OF | : | |
| ACWORTH, LLC, and | : | |
| AFFORDABLE REALTY | : | |
| MANAGEMENT | : | |
| INCORPORATED, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Plaintiffs' Motion for Leave to File

First Amended Complaint [184], Defendant M. Vincent Murphy, III's

("Vincent Murphy") Motion for Protective Order [198], Defendant Marilyn

Murphy's Motion to Compel Discovery [219], Defendants Vincent Murphy,

Community Management Services, Inc., and Multifamily Housing Developers,

LLC's Motion for Summary Judgment [231], and Defendant Marilyn Murphy's

Motion for Partial Summary Judgment [233]. After reviewing the record, the

Court enters the following Order.

## Background

This case arises out of alleged fraudulent transfers of assets made by

Defendant Vincent Murphy to other Defendants. Vincent Murphy offered

personal guarantees on several loans, of which Plaintiffs were the creditors. On

August 31, 2010, the United States District Court for the Eastern District of

Kentucky entered a judgment against Vincent Murphy for Plaintiffs in the

amount of approximately $8.5 million. (Pls.' Mot. for Leave to Amend, Dkt.

[184-3] at 3 of 14.) In the instant case, Plaintiffs are asserting claims for

fraudulent conveyance against Defendants under the Georgia Uniform

Fraudulent Transfers Act ("GUFTA"), O.C.G.A. § 18-2-71 et seq., arising from

Plaintiffs' allegations that Vincent Murphy fraudulently transferred the majority

2

of his assets to his wife Marilyn Murphy and the other Defendants before,

during and after Vincent and Marilyn Murphy's 2008 divorce.

Vincent and Marilyn Murphy were divorced in January of 2008.

(Marilyn Murphy's Reply Brief to Pls.' Mot. to Amend, Dkt. [187] at 3 of 14.)

Plaintiff alleges that the sole purpose of this divorce was to divest Vincent

Murphy of valuable assets in anticipation of having a judgment returned against

him in the Kentucky case.  Plaintiffs further allege that they have discovered

extensive asset transfers from Vincent Murphy to Marilyn Murphy, as well as

the other named Defendants, that were not revealed by Vincent Murphy during

his deposition or by extensive discovery.  As a result, Plaintiffs are seeking

leave to amend their Complaint in order to integrate both the new factual

information discovered recently, as well as the substantive claims arising from

said conduct.

Defendants argue that Plaintiffs' motion seeking leave to amend is

untimely, futile, and in bad faith.  (Vincent Murphy's Resp. to Pls.' Mot. to

Amend, Dkt. [188] at 4-8 of 30.)  Vincent Murphy also requests that the Court

enter a protective order preventing Plaintiffs from serving further discovery

requests on Defendants and apparently allowing Vincent Murphy to fail to

3

respond to the most recent discovery notice served upon him.  Marilyn Murphy

moves the Court to enter an order compelling Plaintiffs to respond to her

discovery requests in an adequate fashion, or re-submit their witness in order to

complete an adjourned May 1, 2013, deposition.  The Court considers the

aforementioned motions on the merits.

**Discussion**

## I.     Legal Standard

In the Eleventh Circuit, case law provides that "[u]nless a substantial

reason exists to deny leave to amend, the discretion of the district court is not

broad enough to permit denial."  <u>Fla. Power & Light Co. v. Allis Chalmers

Corp.</u>, 85 F.3d 1514, 1520 (11th Cir. 2006).  Federal Rule of Civil Procedure

("Rule") 15(a)(2) states that "[t]he court should freely give leave when justice

so requires."  Fed. R. Civ. P. 15(a)(2).  Additionally, Rule 15(c)(1) allows for

the amendment of a complaint when the amendment "relates back" to the

original claims.  Rule 15(c)(1) allows this when "(A) the law that provides the

applicable statute of limitations allows relation back; [and] (B) the amendment

asserts a claim or defense that arose out of the conduct, transaction, or

occurrence set out--or attempted to be set out--in the original pleading[.]"  Fed.

4

R. Civ. P. 15(c)(1)(A); Fed. R. Civ. P. 15(c)(1)(B).  "Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits."  Saxon v. ACF Indus., Inc., 254 F.3d 959, 962 (11th Cir. 2001).  Therefore, the applicable statute of limitations for relation back in this case is that set forth by GUFTA, O.C.G.A. § 18-2-71 et seq.

## II.    Analysis

### A.    Plaintiffs' Motion for Leave to Amend [184]

Plaintiffs make two arguments for why the Court should grant them leave to amend their Complaint.  First, Plaintiffs argue that despite the fact that the financial transactions in question were completed outside of the applicable statute of limitations, they both had not discovered and could not reasonably have discovered said transactions until September 7, 2012, because of Defendants' continued obstruction of the discovery process.  Plaintiffs argue that the statute of limitations should run from the time of actual discovery.  Second, Plaintiffs argue that the running of the statute of limitations is irrelevant because the proposed amendment to their Complaint relates back to the original Complaint, which was filed within the statute of limitations.

5

The relevant statute of limitations, O.C.G.A. § 18-2-79, states:

A cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought: (1) Under paragraph (1) of subsection (a) of Code Section 18-2-74, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant; [or] (2) Under paragraph (2) of subsection (a) of Code Section 18-2-74 or subsection (a) of Code Section 18-2-75, within four years after the transfer was made or the obligation was incurred[.]

The Court disagrees with Defendants' contention that Plaintiffs reasonably could have discovered the transactions in question within the statute of limitations because, as is apparent from the record, Defendants have not been completely forthcoming with their discovery responses. Plaintiffs' argument that Defendants should have disclosed the transfers in question is completely reasonable, and it seems that if not for Defendants' actions, Plaintiffs would have discovered said transactions much earlier.

Additionally, Plaintiffs' Amended Complaint relates back to their original complaint, which was filed within the statute of limitations, and thus the point is moot. The Eleventh Circuit has held that "a pleading would relate back if it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading.'"

6

<u>Makro Capital of Am., Inc. v. UBS AG</u>, 543 F.3d 1254, 1258 (11th Cir. 2008) (quoting Fed. R. Civ. P. 15(c)(1)(B)).  It is clear here that additional allegedly fraudulent transfers relate back to the original claims for fraudulent transfer. There is also no evidence that Defendants would be prejudiced if the Court gave Plaintiffs leave to amend their Complaint, as Defendants were the ones who conducted the transfers, failed to disclose the transfers to Plaintiffs, and are involved in litigation regarding fraudulent trasnfers that allegedly occurred during the same time period.  Therefore, because the district courts are required to utilize a liberal standard when considering motions for leave to amend, the Court finds that Plaintiffs' Motion for Leave to File First Amended Complaint [184] is **GRANTED**.

      B.    <u>Vincent Murphy's Motion for Protective Order [198]</u>

With regards to Vincent Murphy's Motion for Protective Order, the Court finds this motion due to be **DENIED**.  Vincent Murphy cites nothing in his Brief in Support that would be a basis upon which the Court should grant his motion.

Vincent Murphy argues that Plaintiffs' discovery requests are "cumulative, or can be obtained from some other source that is more

7

convenient, less burdensome, or less expensive." (Vincent Murphy's Br. in Supp. of Mot. for Protective Order, Dkt. [198-1] at 7 of 50.) The Court disagrees. It is arguable that the reason Plaintiffs' requests have been continuous is because Defendants have not been forthcoming in their responses. Also, Defendants themselves seem a convenient and inexpensive source of their own bank and tax records.

Defendants also argue that Plaintiffs' discovery requests exceed the amount of interrogatories allowed them by the Federal Rules of Civil Procedure. However, the limits set forth in Rule 26(b)(2) and Rule 33(a)(1) are both subject to alteration at the discretion of the Court. This Court has previously ordered the parties to cooperate with each other's discovery requests. (Dkt. [185].) Thus, Vincent Murphy's Motion for Protective Order [198] is **DENIED**. Thus, Vincent Murphy is **ORDERED** to respond to Plaintiffs' discovery requests, including their Fourth Interrogatories, within fourteen (14) days of the docketing of this Order.

C.     Marilyn Murphy's Motion to Compel Discovery [219]

In its March 22, 2013 Order [185], the Court stated that discovery would not be extended even if Plaintiffs' Motion for Leave to File first Amended

Complaint were granted.  However, the Court was unable to rule on that motion in as timely a manner as anticipated.  For this reason, and because parties are being ordered herein to comply with various discovery obligations following the entry of this Order, the discovery period is extended for 45 days following the entry of this Order.

Under these circumstances, the Court sees no reason why Plaintiffs should not have to submit their witness to Defendants in order to complete their May 1, 2013 deposition of Mr. Brian Doran.  Plaintiffs' argument that they submitted written responses to Marilyn Murphy's questions is unavailing, as the discovering party is "permitted to adjourn the deposition before applying for an order."  (Marilyn Murphy's Reply Br. in Supp. of Mot. to Compel Disc., Dkt. [229] at 3 of 6.)  Accordingly, Marilyn Murphy's Motion to Compel Discovery [219] is **GRANTED**.  Plaintiffs are **ORDERED** to make Mr. Brian Doran available to complete his deposition within thirty (30) days of the docketing of this order.

### Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Leave to File First Amended Complaint [184] is **GRANTED**, Vincent Murphy's Motion for

Protective Order [198] is **DENIED**, and Marilyn Murphy's Motion to Compel

Discovery [219] is **GRANTED**.  Because the Court has re-opened pleadings by

granting Plaintiffs' Motion for Leave to Amend, Community Management

Services, Inc., Multifamily Housing Developers, LLC, and Vincent Murphy's

Motion for Summary Judgment [231] is **DENIED AS MOOT**, and Marilyn

Murphy's Motion for Partial Summary Judgment [233] is **DENIED AS**

**MOOT**. The discovery period is **EXTENDED** for 45 days following the entry

of this Order.

      **SO ORDERED**, this __7th__ day of August, 2013.


                        _____

                        RICHARD W. STORY
                        UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)