**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALLIANT TAX CREDIT FUND 31-A, LTD., et al., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:11-CV-0832-RWS |
| : | |
| M. VINCENT MURPHY, III, et al., : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court on Plaintiffs' Motion to Deem Responses to Defendants' Second Request for Admissions as Timely Served, or in the alternative, for Withdrawal of Admissions and Substitution of Previously Served Responses under Rule 36(b) [274], Plaintiffs' Motion for Extension of Discovery Deadline [277], and Defendant Marilyn Murphy's Motion to Compel Jurisdiction-Related Discovery Responses ([278], [279]). After reviewing the record and the Parties' submissions, the Court enters the following Order.

**I.     Plaintiffs' Rule 36(b) Motion to Withdraw Admissions and Substitute Previously Served Responses**

Plaintiffs do not dispute that they failed to file timely responses to Defendants Vince Murphy, Community Management Services, Inc., and Multi-Family Community Housing, LLC's Second Request for Admissions ("Request"). (See Generally, Pl.s' 36(b) Motion, [274].) However, Plaintiffs contend that their tardiness should be excused because the hard copy of Defendants' Request was misplaced due to clerical error and Plaintiffs did not become aware of the Request until August 14, 2013. (Id. at 2-4 of 12.) Plaintiffs move the Court, under Rule 36(b), to permit them to rely on their responses served on August 16, 2013.

Defendants argue, however, that Plaintiffs' failure to timely respond is inexcusable and they should not be permitted to rely on their late responses because it would prejudice Defendants. (See generally, Def.s' Resp., [286].) Defendants note that along with personal service of their Request on April 19, 2013, they filed an electronic notice of discovery on the PACER system that same day. (Id. at 4 of 32; Certificate of Service of Discovery by Defendants, [192].) Therefore, they argue, even if the hard copy of Defendants' Request was misplaced, Plaintiffs' attorneys of record had electronic notice of the

2

Request on April 19,[1] four months before Plaintiffs filed their response.

Under Rule 36(b), the Court "may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). Defendants take particular issue with Plaintiffs' late denial of Request for Admission No. 41, which reads: "You have no facts with which to dispute the 'Current Market Values' as stated in Schedules G, H and J of the 2005 Financial Statement." Defendants contend that withdrawal of Plaintiffs' admission of this fact (and others contained in the Request) will not promote the presentation of the merits of this action and withdrawal would unfairly prejudice Defendants. (Def.s' Resp., [286] at 8-18 of 32.) Plaintiffs have not replied to Defendants' contentions and therefore they are deemed unopposed.[2] See L.R. N.D.Ga. 7.1B.

---

[1] Stan Kreimer, counsel for Defendants, states in his affidavit that he did receive an email regarding the filing through the PACER system and he has no reason to believe that Plaintiffs' counsel did not also receive electronic notice. (Kreimer Aff., [286] at 22 of 32, ¶ 2.)

[2] Notably, Plaintiffs also do not dispute that their counsel of record received electronic notice of Defendants' Request on April 19, 2013.

3

Finding that Plaintiffs had no reasonable excuse for their late response (given the apparent electronic notice) and that Plaintiffs have made no attempt to respond to Defendants' arguments as to why Rule 36(b) withdrawal and amendment should not be permitted here, the Court will not allow Plaintiffs to rely on their late response to Defendants' Request. Thus, Plaintiffs' Rule 36(b) Motion is **DENIED**.

## II.     Plaintiffs' Motion for Extension of Discovery Deadline

Plaintiffs move to extend discovery for the sole purpose of deposing Kay Talalia, Defendant Vince Murphy's current wife. (See generally, Pl.s' Motion to Extend Discovery, [277].) In support of their motion, Plaintiffs claim they have discovered financial transactions between Defendants Vince Murphy and Marilyn Murphy, and Ms. Talalia, including cash from Coca-Cola stock dividends from Marilyn Murphy to Ms. Talalia and cash from apartment complexes owned by Marilyn Murphy to a limited liability company owned by Ms. Talalia. (Id. at 2 of 7.) Thus, Plaintiffs argue, deposing Ms. Talalia is necessary because she may be involved in the continued transfer of assets between Vince and Marilyn Murphy, and she may have facts relevant to the present action. (Id. at 3 of 7.)

4

The Court is not persuaded that discovery should be extended for this purpose. Evidence regarding these alleged transactions may be elicited through means other than Ms. Talalia's deposition testimony (e.g., through testimony of Marilyn Murphy). Furthermore, the Court has already made clear that no further discovery will be permitted in this case. (Order, [185] at 3 of 4, n.1.) Therefore, Plaintiffs' Motion to Extend the Discovery Deadline is **DENIED**.

### III. Defendant Marilyn Murphy's Motion to Compel Jurisdiction-Related Discovery Responses

Marilyn Murphy moves the Court to compel discovery responses from Plaintiffs regarding the ownership structure and domicile of each of the six Plaintiffs for purposes of determining whether there is complete diversity between all Plaintiffs and all Defendants. (See Generally, Def.'s Motion to Compel, [278] *as amended by* [279].) According to Ms. Murphy, "it has not been possible to obtain documents from Plaintiffs (or their owners) showing the names and the domiciles of *all* corporations and *all* of the members of one or more limited liability companies, limited partnerships, and unincorporated associations appearing in Plaintiffs' ownership structure as of when this suit was filed on March 17, 2011." (Id. at 5 of 5.) She requests: (1) leave to file

5

"confidential" discovery materials under seal; (2) an Order granting her leave to amend the present motion; and (3) an Order providing for production of needed documents "reflecting all component natural persons, partners, members, corporations and unincorporated associations, trustees and beneficiaries of all six Plaintiffs with particularity." (Id. at 2-3 of 5.)

Plaintiffs respond that they made their 30(b)(6) witness (Brian Doran) available to Defendants for two depositions, and concurrent with those depositions, provided documents depicting the organizational structure of the Plaintiffs. (See generally, Pl.s' Resp., [288].) The documents provided include tax returns and organizational charts identifying downstream owners, shareholders, partners, and members of each of the Plaintiffs. (Id. at 3 of 12.) Plaintiffs also provided affidavits from each individual and trust appearing on the organizational charts detailing their domicile information. (Id. at 3-4 of 12.) Plaintiffs maintain that Defendant Marilyn Murphy has all of the available, relevant documents regarding Plaintiffs' ownership structure and citizenship. (Id. at 5-6 of 12.) Based on Plaintiffs' representation that they have already produced all of the information that Marilyn Murphy seeks to compel with this motion, the Motion to Compel ([278], [279]) is **DENIED.**

6

## Conclusion

Based on the foregoing, Plaintiffs' Rule 36(b) Motion to Withdraw Admissions and Substitute Previously Served Responses [274] is **DENIED**, Plaintiffs' Motion for Extension of Discovery Deadline [277] is **DENIED**, Defendant Marilyn Murphy's Motion to Compel Jurisdiction-Related Discovery ([278] *as amended by* [279]) is **DENIED.**

**SO ORDERED**, this 31st day of March, 2014.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)