**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALLIANT TAX CREDIT 31, INC., et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> M. VINCENT MURPHY, III, et al., : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 1:11-CV-0832-RWS |

**ORDER**

This case is before the Court on Marilyn Murphy's Motion for Order Certifying Questions of Law to the Supreme Court of the State of Georgia [320]. After reviewing the record, the Court enters the following Order.

**Discussion**

**I.    Standard - Certifying Questions to the Georgia Supreme Court**

Federal courts have discretion to certify "'novel, unsettled questions of state law'" to the state's highest court for resolution. Pittman v. Cole, 267 F.3d 1269, 1289 (11th Cir. 2001) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 79 (1997)); O.C.G.A. § 15-2-9(a) (federal courts may certify questions of law to the Georgia Supreme Court when the proceeding involves

"questions of the laws of this state which are determinative of the case and there are not clear controlling precedents in the decisions of the Supreme Court of this state"). Accordingly, "where there is doubt in the interpretation of state law . . . a federal court should certify the question to the state supreme court to avoid making unnecessary Erie 'guesses' and to offer the state court the opportunity to interpret or change existing law." Gulfstream Park Racing Ass'n. v. Tampa Bay Downs, Inc., 399 F.3d 1276, 1279 (11th Cir. 2005) (internal quotations and citation omitted).

In determining whether to exercise its discretion to certify a question to the state court, a federal court should consider the following factors: the closeness of the question, considerations of comity in light of the particular issue and case, and the practical limitations of the certification process, including significant delay. Florida ex rel. Shevin v. Exxon Corp., 526 F.2d 266, 274-75 (5th Cir. 1976).[1] The most important of these factors is the first. Id. Thus, where there are sufficient sources of state law "to allow a principled rather than conjectural conclusion," the certification process should not be

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

invoked. Id. at 275. See also Smigiel v. Aetna Cas. & Sur. Co., 785 F.2d 922, 924-25 (11th Cir. 1986) (declining to certify question to state supreme court, reasoning, "Although we are *Erie*-bound, we may exercise an option to make an educated guess as to how the Florida courts would resolve the issue. . . . We find that we are sufficiently educated by the available Florida authority to allow our exercise of that option.") (internal citation omitted).

II.     **Marilyn Murphy's Motion to Certify Questions [320]**

Marilyn Murphy proposes certification of two questions of law to the Georgia Supreme Court:

(1)   Does Georgia's enactment of the UFTA extinguishment of causes of action of O.C.G.A. § 18-2-79 operate as a repose statute, which sets strict and inalienable time limits within which a plaintiff must bring action, and also create a substantive right in participants to a transaction not to be forced to defend suit outside those time limits?

(2)   If the answer to the preceding question (1) is "yes," after a transaction that the plaintiff omitted from its UFTA action has otherwise become, during pendency of that action, extinguished by passage of time under O.C.G.A. § 18-2-79, after that extinguishment, does § 18-2-79 prohibit the plaintiff from prosecuting this omitted claim?

Like the court in Smigiel, the Court finds that it has been sufficiently educated through the Parties' briefing and available authority to make a

3

(Rev.8/82)

principled decision as to how the Georgia Supreme Court would rule on these issues. There is ample Georgia authority on how to distinguish statutes of repose from statutes of limitation, and on the operation of statutes of repose. Furthermore, because GUFTA is based on a *uniform* statute, authority from other jurisdictions interpreting identical extinguishment provisions is highly persuasive. The Court also finds that certifying the proposed questions would cause significant delay in this proceeding, which has already been pending for over three years. Therefore, the Court will not exercise its discretion to certify questions to the Georgia Supreme Court and Marilyn Murphy's motion is **DENIED**.

## Conclusion

Based on the foregoing, Marilyn Murphy's Motion for Order Certifying Questions of Law to the Supreme Court of the State of Georgia [320] is **DENIED**.

**SO ORDERED**, this  11th  day of August, 2014.

**RICHARD W. STORY**
United States District Judge